FILE BY FAX

Steve Pell, Esq. (SBN 072218)
**LAW OFFICES OF STEVE PELL**
2633 Loma Vista Road
Ventura, CA 93003-1548
Telephone (805) 653-6615
Facsimile (805) 653-1055

Attorney for Plaintiffs,
LEON HOLIDAY and HAILA SIMMONS

FILED
2012 AUG 13 PM 2:14
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HOLIDAY and HAILA SIMMONS, <br><br> Plaintiffs, <br><br> vs. <br><br> RANDY HAUMANN, RYAN SMITH, PAUL SPENCER, DAVID KEATHLEY, CITY OF SANTA PAULA, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. CV12-6969-SJO (VBK) <br><br> **COMPLAINT FOR DAMAGES** |

1. This is a civil litigation action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights and secured by the Constitution and laws of the United States. Defendants, while acting in their capacity as policemen in the City of Santa Paula, County of Ventura, State of California deprived plaintiffs of their property without due process of law, made an unreasonable seizure of the property of plaintiffs and deprived plaintiffs of their property without due process of law, thereby depriving plaintiffs of their rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction of this action under 42 U.S.C. Section 1983 and under 28 U.S.C. Section 1343.

2. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. Section

1331.

3. Plaintiff Leon Holiday is a citizen and resident of the City of Santa Paula, County of Ventura, state of California and a citizen of the United States. He is of Africa-American descent. Plaintiff Haila Simmons is a citizen and resident of the City of Santa Paula, County of Ventura, state of California and a citizen of the United States.

Both Plaintiffs reside together at and are purchasing the residence located at 933 E. Santa Paula Street, Santa Paula, California.

Plaintiffs timely filed a claim for damages on February 16, 2011. Said claim was rejected on April 13, 2011.

4. Defendants Officers Haumann, Sergeant Smith, Senior Officer Spencer and Officer Keathley, were, at all times duly appointed police officers of the City of Santa Paula and assigned to the Santa Paula Police Department. At all times material to this complaint, these defendants acted toward plaintiffs under color of statutes, ordinances, custom and usage of the State of California, City of Santa Paula, and the Santa Paula Police Department.

5. Defendants Does 1-10, inclusive, and others not presently known to the plaintiffs were at all times material to this complaint duly appointed police officers of the City of Santa Paula. At all times material to this complaint, these defendants acted toward plaintiffs under color of the statutes, ordinances, customs and usage of the State of California, City of Santa Paula and the Santa Paula Police Department. Plaintiffs sue all defendants in their individual capacity.

## COUNT 1

6. Plaintiffs allege and reallege Paragraphs 1 through 6 as paragraphs 1-6 of this Count with the same force and effect as if fully set forth herein.

7. On the afternoon of August 16, 2011 at approximately 2:20 p.m. Santa Paula Police Officer Haumann was attempting to serve an arrest warrant on an Anthony Holliday who is of African-American descent at 933 Santa Paula Street, city of Santa Paula,

California because he believed Anthony Holliday resided at said residence. Anthony Holliday did not reside at said residence. He heard a noise which he believed to be a door closing.

8. Officer Haumann notified Santa Paula Police dispatch of the situation and began coordinating responding units to set a perimeter around the home. He responded to the front of the residence and retrieved his K9 partner "Hozy." Once a perimeter was in place, Officer Haumann and Senior Officer Spencer Sergeant Smith and Officer Keathley began a search of the area and located an upstairs apartment. Officer Haumann made numerous announcements for Holliday to open the door. After no response, Officer Haumann checked the door and found it to be locked. Sergeant Smith used his foot to forcibly open the door. The interior of the apartment was checked by the aforesaid officers and no one was found to be inside.

9. Officers went to the front of the residence and knocked numerous times and made numerous verbal announcements. After no response, Officer Haumann checked the front door and found it to be locked. Sergeant Smith and Officer Haumann checked all ground level windows and doors. All were locked. Sergeant Smith opened the front door using force (his foot). A search of the interior was conducted in which numerous items of property were destroyed. At an upstairs bedroom located on the east side of the residence the door was found to be locked. Force was used to open the door and numerous items of property were destroyed. At the conclusion of the search, no one was found inside. The aforesaid officers left the scene, leaving the doors broken and the residence unsecured. Defendant Officers found no violation of law by Plaintiffs.

10. By means of the unlawful entry and trespass of the plaintiffs' residence by the defendant Police Officers, Plaintiffs were deprived of their rights and property without due process of law in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983.

11. In doing the acts and things above complained of the aforesaid defendants were

3

COMPLAINT FOR DAMAGES

1  conspirators engaging in a scheme and conspiracy designed to deny and deprive plaintiffs
2  of rights guaranteed to them under the Constitution and their right to equal protection of the
3  laws of the United States as herein above mentioned.

## COUNT 2

12. Plaintiffs allege and reallege Paragraphs 1 through 12 of Count 1 with the same force and effect as if fully set forth herein.

13. Defendant City of Santa Paula was negligent in failing to afford Officer Haumann, Sergeant Smith, Senior Officer Spencer and Officer Keathley the proper and special training necessary for the duties they could foreseeably be expected to perform in the course of their employment in that the aforesaid officers received no training or inadequate training in the execution of arrest warrants and search and seizure.

14. As a direct and proximate result of the failure to train Officer Haumann, Sergeant Smith, Senior Officer Spencer and Officer Keathley, said trespass to plaintiffs' residence and the destruction of their personal property occurred and plaintiffs suffered severe physical and mental pain, medical expenses, future medical expenses, loss of property and damages to property all in a sum according to proof.

## COUNT 3

Plaintiffs allege and reallege Paragraphs 1-14 of Counts 1 and 2 with the same force and effect as if fully set forth herein.

15. Not only was the search of plaintiffs' residence performed without probable cause but plaintiffs had behaved in a lawful and orderly manner and no offense of any kind was being committed or had been committed in the presence of the officers who performed the search.

16. Plaintiffs have been subjected by the above recited acts, to the deprivation by defendants under color of law and of the customs and usages of the State of California, of rights privileges and immunities secured to them by the Constitution and laws of the United States, particularly their rights of association and speech guaranteed under the First

1  Amendment to the Constitution, their rights to security of person and freedom from unlawful
2  search except on probable cause, supported by oath or affirmation guaranteed by the
3  Fourth Amendment to the Constitution, their rights not to be deprived of property without
4  due process of law, guaranteed by the Fifth and Fourteenth Amendments to the
5  Constitution, their rights reserved or retained under the Ninth and Tenth Amendments to
6  the Constitution.

17. As a direct consequence and result of the acts of defendants herein above complained of, plaintiffs were deprived of the use of their home for a substantial period of time, suffered much anxiety and distress over the forced entry and damage to their home and property, suffered much anxiety and distress and suffered much discomfort and embarrassment. Their reputation was impaired and they have spent much time and money having their property repaired or replaced.

## FOURTH CAUSE OF ACTION

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. Prior to August 16, 2010, defendant City of Santa Paula permitted, encouraged, tolerated and ratified a pattern and practice of unjustified unreasonable and illegal searches and seizures of interracial couples residing together by police officers in that:

   a. Defendants failed to discipline or prosecute or in any manner deal with known incidents of wrongful searches.

   b. Defendants refused to investigate complaints of previous incidents of wrongful searches and instead officially claimed that such incidents were justified and proper.

   c. by means of both evasion and cover ups of such wrongful searches, defendants encouraged police officers employed by it to believe that improper searches of interracial couples were permissible.

20. On information and belief, Plaintiffs allege that there have been other incidents of illegal searches of interracial couples which resulted in later federal civil rights suits or state actions based on such illegal searches.

5

COMPLAINT FOR DAMAGES

21. Defendant has maintained an inadequate system of review of illegal searches which system has failed to identify instances of improper searches or to discipline more closely supervise or retrain officers who in fact improperly conducted searches.

22. On information and belief the systemic deficiencies include but are not limited to:

   a. preparation of investigative reports designed to vindicate the use of searches regardless of whether such actions were justified.

   b. preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses.

   c. preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved in such incidents prior to the completion of investigation.

   d. failure to review investigative reports by responsible superior offices for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

23. Defendant also maintains a system of grossly inadequate training pertaining to the law of permissible searches and such program fails to meet standard police training principles and criteria which require probable cause.

24. The foregoing acts, omissions and systemic deficiencies and policies and customs of defendant and such caused police officers of defendants to be unaware of the rules and laws governing permissible searches and to believe that such searches are entirely within the discretion of the officer and that improper searches would not be honestly and properly investigated all with the foreseeable result that officers are more likely to use illegal searches in such situations where such force is neither necessary nor reasonable nor legal.

25. As a direct and proximate result of the aforesaid acts, omissions systemic

6

COMPLAINT FOR DAMAGES

deficiencies policies and customs of defendant, co defendants improperly trespassed into the plaintiffs' home and destroyed their property.

WHEREFORE Plaintiffs LEON HOLIDAY and HAILA SIMMONS requests that this Court:

a. Award compensatory damages against the defendants, and each of them, jointly and severally in an amount according to proof.

b. Award punitive damages against the individual defendants, RANDY HAUMANN, RYAN SMITH, PAUL SPENCER, DAVID KEATHLEY in an amount according to proof.

c. Award costs of this action including attorney's fees to the plaintiffs; and

d. Award such other and further relief as this Court may deem appropriate.

A jury trial is hereby demanded.

DATED: August 13, 2012

RESPECTFULLY SUBMITTED,
LAW OFFICES OF STEVE PELL

_____
Steve Pell, Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

### CV12- 6969 SJO (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| LEON HOLIDAY and HAILA SIMMONS <br><br> *Plaintiff(s)* <br><br> v. <br><br> RANDY HAUMANN, RYAN SMITH, PAUL SPENCER, DAVID KEATHLEY, CITY OF SANTA PAULA, and DOES 1-10, Inclusive, <br><br> *Defendant(s)* | Civil Action No. CV12-6969-SJO (VBK) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* RANDY HAUMANN, RYAN SMITH, PAUL SPENCER, DAVID KEATHLEY, CITY OF SANTA PAULA, and DOES 1-10 Inclusive,

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Steve Pell, Esq. (SBN 072218)
LAW OFFICES OF STEVE PELL
2633 Loma Vista Road
Ventura, California 93003-1548
(805) 653-6615
stevepell@stevepell.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: AUG 1 3 2012                           MARILYN DAVIS
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                               _____
                                                        *Server's signature*

                                                   _____
                                                        *Printed name and title*

                                                   _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LEON HOLIDAY and HAILA SIMMONS

**DEFENDANTS**
RANDY HAUMANN, RYAN SMITH, PAUL SPENCER, DAVID KEATHLEY, CITY OF SANTA PAULA, and DOES 1-10 inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Steve Pell, Esq.
2633 Loma Vista Road
Ventura, CA 93003-1548 (805) 653-6615

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983 unlawful search and seizure

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 370 Other Fraud | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 371 Truth in Lending | ☐ 530 General |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**CV12-6969**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                      CIVIL COVER SHEET                      Page 1 of 2

*FILE BY FAX* (marginal stamp)

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date: August 13, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |